Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia
### Alexandria Division

OCT 2 2 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| Kerry A. Farley<br>Matthew T. Farley<br>MAF, NJF<br><br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br><br>-v-<br><br>The Fairfax County School Board<br><br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names. Do not include addresses here.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:20 CV1249 CMH/ IDD

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [✔]Yes [ ]No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mrs. Kerry A. Farley, Matthew T. Farley, MAF, NJF |
| Address | 1901 Trumpet Ct. |

| City | State | Zip Code |
|---|---|---|
| Vienna | VA | 22182 |

| | |
|---|---|
| County | Fairfax County |
| Telephone Number | 703-608-1629 |
| E-Mail Address | kerryfarley245@gmail.com |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | The Fairfax County School Board |
| Job or Title *(if known)* | |
| Address | 8115 Gatehouse Road, Suite 5400 |

| City | State | Zip Code |
|---|---|---|
| Falls Church | VA | 22042 |

| | |
|---|---|
| County | Fairfax County |
| Telephone Number | 571-423-1075 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| City | State | Zip Code |
|---|---|---|
| | | |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☐ Official capacity

Defendant No. 3

    Name _____

    Job or Title *(if known)* _____

    Address _____

                    *City*        *State*        *Zip Code*

    County _____

    Telephone Number _____

    E-Mail Address *(if known)* _____

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name _____

    Job or Title *(if known)* _____

    Address _____

                    *City*        *State*        *Zip Code*

    County _____

    Telephone Number _____

    E-Mail Address *(if known)* _____

    ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    See attached

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    See attached

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

    See attached

B.    What date and approximate time did the events giving rise to your claim(s) occur?

    See attached

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

    See attached

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See attached

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        10/22/2020

Signature of Plaintiff       *Kerry A. Farley, Matthew T. Farley*

Printed Name of Plaintiff     Kerry A. Farley, Matthew T. Farley, MAF, NJF

## B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_____   _____   _____
                         City                         State         Zip Code

Telephone Number

E-mail Address

Print        Save As...        Add Attachment        Reset

## **Statement of Complaint**

The Fairfax County School Board is discriminating against my three children with disabilities and me.  The School Board and Fairfax County Public School staff have prevented all three of my children with disabilities from equal opportunities to access, participate in and benefit from school-offered programs and activities. The School Board is treating my three children with disabilities differently, solely because of their disability, and my children are not having their needs met as adequately as the needs of other students are being met.  The School Boards discrimination of my children with disabilities will subject them all to suffer from additional discrimination when they graduate from FCPS.  Also, FCPS staff and the School Board are retaliating against my children and me because I have been advocating for them and because I reported the discrimination.

## **Plaintiffs**

Plaintiffs Matthew T. Farley (MTF), MAF and NJF are biological siblings who share the same disability.  MTF is a 2018 FCPS graduate from Madison secondary school.  MTF is my oldest child, an adult plaintiff in this case, and he is currently a full-time college student with disabilities.  Plaintiffs MAF and NJF, are my two minor children with disabilities.   MAF is currently a FCPS student in grade 11 at Madison secondary school. NJF is currently a FCPS student in grade 10 at Madison secondary school.  It is noteworthy these three plaintiffs are not just siblings but three similarly situated individuals.

I am Mrs. Kerry A. Farley, the biological mother of MTF, MAF and NJF.

## Defendants

The Fairfax County School Board is the governing body responsible for ensuring that all FCPS schools, centers and staff adhere to Virginia Department of Education regulations and federal law.

"The State of Virginia has empowered and directed School Boards (in Title 22.1, Chapter 7) to do the following:

See that the school laws are properly explained, enforced, and observed; ensure that public schools are conducted according to law and with the utmost efficiency; care for, manage, and control the property of the school division; provide for the consolidation of schools or redistricting of school boundaries or adopt pupil assignment plans to contribute to the efficiency of the school division; operate and maintain the public schools in the school division and determine the length of the school term, the studies to be pursued, the methods of teaching, and the government to be employed in the schools, consistent with state statutes and regulations of the Board of Education; and perform other duties as prescribed by the Board of Education or as are imposed by law.

State law further states that a school board may adopt bylaws and regulations, not inconsistent with state statutes and regulations of the Board of Education, for its own government, for the management of its official business and for the supervision of schools.

The Fairfax County Public Schools Board takes its charge seriously and has developed this Strategic Governance manual as a plan to conduct our responsibilities as stewards of this school system in a professional manner that addresses goal setting, monitoring compliance, and a focus on continuous improvement. The Board works in partnership with the Superintendent, who has been delegated authority for the day-to-day operations of the system in accordance with the Code of Virginia."
https://www.fcps.edu/school-board/governance-manualBoard

The FCPS staff involved in the events of discrimination and retaliation include:

George Fister, Procedural Support Liaison Madison HS Pyramid,

Stacie Lopez, Procedural Support Liaison Madison HS Pyramid

Kristina Roman, Procedural Support Manager Madison HS Pyramid

Jane Strong, Director FCPS Special Education Procedural Support

Mike Bloom, Director of FCPS Special Education Instruction

Cheronda Farrish, Assistant Principal Madison HS

Amy Coleman, Assistant Principal Madison HS

Mark Merrell, Principal Madison HS

Susan Robeson, Principal Madison HS

Gregory Hood, Principal Madison HS

Jen Ferrara, FCPS Instructional Services, College/Career Readiness

Andrea Jones, Special Education Department Chair Madison HS

Alex Gorman, Guidance Counselor Madison HS

Sloan Presidio, FCPS Assistant Superintendent, Instructional Services Department

Douglas Tyson, FCPS Assistant Superintendent, Region 1

John Kenny, Director of Student Activities Madison HS

Bill Curran, FCPS Director of Activities and Athletic Programs

Alyson Willey- Weaver, FCPS Special Education Teacher

Scott Brabrand, Superintendent of FCPS

All Members of the Fairfax County School Board

## **Timeline of Events**

On March 11, 2020 I filed a complaint pro se in this court against the Fairfax County School Board. On March 16, 2020 the court ordered guardian ad litem to protect the interests of MAF and NJF. On March 17, 2020 the court suspended all criminal and

civil proceedings in each of the courthouses due to the COVID19 pandemic.  On June 15, 2020, before the court ordered guardian ad litem was ever assigned, that case was dismissed without prejudice.  I appealed that dismissal to the fourth circuit court. On September 29, 2020 I voluntarily withdrew that appeal.

This compliant, although similar to the March 11, 2020 complaint, has been revised to reflect the ongoing violations of our civil rights.  Hence, I am now a plaintiff and I have included documents that are intricate to establishing subject matter and jurisdiction.

## Factual Events for MTF, MAF and NJF

FCPS school records for MTF, MAF, and NJF, and fcps.edu emails will confirm the events started in 2008 and are ongoing.

1. MTF, MAF and NJF attended Wolftrap, primary school for grades 1-6.
2. MTF, MAF and NJF were each diagnosed with a severe form of orthographic and phonological dyslexia during primary school and they were each recognized by FCPS as qualified students with disabilities.

## Dyslexia

3. Dyslexia is a permanent neuro-biological condition that interferes with the acquisition, processing and use of language.  Dyslexia runs on a continuum from mild to severe.  The more severe the dyslexia, the more likely it will interfere in all areas of using language like reading, writing, listening and speaking.  Dyslexia does not interfere with intelligence.  Approximately 20% of the population has dyslexia, or 1in 5.

4. MTF, MAF, and NJF, required accommodations and modifications to the learning environment and instruction to access, participate in, and to acquire the basic skills they needed to communicate with their own native language, English.

5. Due to the nature and severity of the dyslexia, and the struggles the children had learning the skills of their own language, MTF, MAF and NJF were exempt from having to participate in the FCPS primary school-wide second language program (Chinese).

6. The Commonwealth of Virginia and FCPS offer 3 diploma options.  A modified diploma, a standard diploma and an advanced diploma.  One key difference between the standard diploma and the advanced diploma is the three-credit requirement of a second language.

7. MTF, MAF and NJF each indicated they wanted to graduate with an advanced diploma. Therefore, I advocated for them to have access to the advanced diploma option.

8. I advocated by sharing information with FCPS staff (who are named on this complaint) including Fact Sheets from the International Dyslexia Association, results from private testing, doctor notes, and the children provided input as well. First, I advocated for FCPS to exempt the children from having to participate in a second language, due to the nature and severity of the dyslexia.  FCPS staff, who had high levels of oversight and decision-making authority, were deliberately indifferent to federal law and the civil rights of my children with disabilities and they refused.

9. I then advocated for the children to access the advanced diploma option by requesting that FCPS accept course substitutions for the second language requirements. FCPS staff named on this complaint with high levels of oversight and decision-making authority were deliberately indifferent to the civil rights of my children and refused.

10. I also advocated for the children to access the advanced diploma option by requesting that FCPS provide them again with accommodations and modifications to the learning environment and instruction of any second language class that was offered at Madison secondary school. FCPS staff named on this complaint with high levels of oversight and decision-making authority were deliberately indifferent to the civil rights of my children and refused.

11. Many FCPS staff named in this compliant repeatedly said that my children with disabilities did not require an advanced diploma to graduate. This is an example of the deliberate indifference FCPS staff with high levels of oversight and decision-making authority have for the civil rights of my children with disabilities, how grossly misinformed they are about dyslexia, the ADA and Section 504.  This is also an example of how my children with disabilities are treated differently, and were prevented from equal access to all programs that FCPS offered.

12.The FCPS staff named in this complaint, who I went to for help and who I reported the discrimination to, made no attempts to stop it.

## Factual Events for MTF

13. Between 2014- 2018 FCPS staff with high levels of program oversight and decision-making authority (Tyson, Coleman, Gorman, Merrell) refused to make the advanced diploma option accessible to MTF.

14. In a desperate attempt to earn an advanced diploma, MTF suffered negative consequences to his health from participating in a second language class for an entire school year (grade 9) at Madison HS without the accommodations or modifications he needed for his disability.

15. Several FCPS staff with high levels of oversight and decision-making authority named in this compliant were notified in writing about the damages to his health but they were so grossly misinformed and indifferent to his civil rights they still refused to provide MTF with equal and equitable access to this diploma option.

16. For several years, FCPS denied MTF with the equal opportunity to access the advanced diploma.  This discriminatory treatment forced MTF to graduate from FCPS with a standard diploma. MTF then had to use this lesser diploma option/transcripts when applying to post-secondary schools in Virginia against the non-dyslexic graduates from Madison who had the opportunity to access the advanced diploma option.  This lesser diploma/transcript put MTF at an unfair disadvantage during the admissions process to postsecondary schools.  This is one example of the additional discrimination that MTF has suffered since leaving FCPS.

## Factual Events for MAF

17. MAF entered grade 9 at Madison secondary school in the fall of 2018, just months after her older brother, MTF, graduated. FCPS records for MAF and fcps.edu emails will show that I advocated for MAF to access the advanced diploma option the same way that I did for MTF.

## Factual Events for NJF

18. In January 2020, I had a meeting with Jane Strong, Mike Bloom and Kristina Roman to discuss how FCPS would make the advanced diploma option accessible to NJF. Dr. Strong, Mike Bloom and Kristina Roman were so grossly misinformed and deliberately indifferent about the civil rights of NJF, they made inappropriate, offensive and discriminatory comments and suggestions. These three employees, with high levels of program oversight and decision-making authority, questioned the severity and permanence of NJF's disability. Suggested that NJF should undergo additional testing to determine if he would qualify to take a second language, suggested that NJF could take ASL online, if he wished, or that NJF could transfer to a different school in the county to take an ASL class, if he wished.

19. FCPS students without dyslexia do not have to transfer to another school to access a second language class nor are they required to access a second language class online. Additionally, fcps students without dyslexia are not asked to undergo additional testing to determine if they are qualified to participate in a second language class. These are examples of how FCPS staff are treating my children with disabilities differently, solely because of their disability.

20. In the 2019-2020 school year approximately 2,100 students were enrolled at Madison HS. This means about 20%, or 420, have some form of dyslexia (1-5).

21. There would be nothing discrete about 420 students with dyslexia from Madison HS being bussed off each day to an alternate location to access ASL. There would also be nothing discrete about 420 students with dyslexia from Madison HS having to attend summer school to access a second language, or 420 students with dyslexia from Madison HS having to access ASL classes online. These are other examples of how FCPS treats my children differently, solely because of their disability and examples of how my children with dyslexia do not have their needs met as adequately as the needs of non-dyslexic students are met.

22. On page 3 of 6 in the January 28, 2020 Prior Written Notice (PWN) for NJF it states "fcps has developed an IEP designed to provide a free and appropriate public education in order for N to achieve a standard diploma. An advanced diploma is an optional choice as are the elective course routes to achieve it."
This is one example of how staff are deliberately indifferent to federal law and the civil rights of NJF.

23. In February 2020, several FCPS staff named on the complaint, prevented NJF from having equal access to participate in the school sponsored track and field program. Instead, Dr. Farrish, Ms. Roman, Mr. Hood, Ms. Jones made inappropriate statements and comments that were offensive and discriminatory. For example, Principal Hood told me there was not enough money to accommodate NJF's needs. Ms. Roman stated that NJF would have equal access to participate in this sport by pairing him up with another student with who had disabilities. Then, NJF and this child would teach each other the skills of this sport by videotaping each other and by using note cards and checklists.

24. There are no other school sponsored sports teams at Madison HS where qualified student participants learn skills by videotaping each other by relying on checklists and notecards. No, in fact all other qualified students who participate in school sponsored sports teams at Madison HS receive direct instruction from a qualified adult coach. This is another example of how grossly misinformed FCPS staff with high levels of oversight and decision-making authority are and the deliberate indifference they have towards adhering to federal law and for the civil rights of NJF.

25. In February 2020, a Virginia Department of Education Compliance Specialist, Kathleen G. Harris, JD, wrote the following to me *"Dear Mrs. Farley, the procedural safeguards address IDEA only. Because concerns regarding discrimination fall under other federal laws and not the IDEA, the procedural safeguards do not address contacting the office for Civil Rights. We have provided this information for your use and hope it will be helpful to you."*

26. On February 5, 2020 I signed NJF's IEP with the following statement: *"FCPS continues to blatantly and willingly ignore the severity of my son's dyslexia and the impact it has across all areas of his life. FCPS continues to blatantly and willingly ignore the intentional and unintentional disability discrimination is happening to N to date FCPS has not acknowledged this discrimination is occurring and FCPS has made no effort to stop it and prevent it from happening again. FCPS' indifference to this discrimination is preventing N from being able to receive a free and appropriate public education and it is causing him to suffer negative consequences to his health."*

27. FCPS staff and the School Board have been retaliating against me and my children because I have been advocating for them and because I reported the discrimination. Between October 2019 to date, FCPS staff have consistently tried to coerce and manipulate me into utilizing the process of dispute resolution under the IDEA through mediation or an administrative due process hearing.  These are examples of the blatant disregard and deliberate indifference that fcps staff and the SB have towards federal law and an example of the retaliation that I have been experiencing.  Discrimination is a violation of civil rights which cannot be addressed or remedied under the IDEA.


28. Several times in July 2020 and August 2020 I wrote to the FCPS Superindentent and to all members of the Fairfax County School Board.  I informed them again of the ongoing discrimination and retaliation and I stated that MAF and NJF did not have the option of withdrawing from FCPS. I wrote to them about the grave concerns I had about the staff members who made inappropriate, offensive and discriminatory comments and decisions were going to be re-assigned to manage their educational needs again for the 2020-2021 school year. None of the School Board members ever responded to my concerns and the very same staff (from last school year) are again overseeing to the educational needs of MAF and NJF.  This is intimidating and harassing, and another example of how the School Board and FCPS staff are retaliating against me and my children.


## **Additional Facts and Events of Discrimination**

29. The Virginia Department of Education has been accepting American Sign Language (ASL) to fulfill the second language requirements of the advanced diploma option for over thirty years.

30. American Sign Language (ASL) does not contain the signs, symbols, characters and sounds that MTF, MAF and NJF who have severe orthographic and phonological dyslexia struggle to process.  Therefore, ASL would be the only second language MTF, MAF and NJF would have equitable access to participate in and learn.

31. For over thirty years, ASL has never been offered in any primary or middle school in Fairfax County.

32. For over 30 years, ASL has never been offered at Madison High School.

33. Students without dyslexia who attend Madison HS routinely have access to 4 or 5 second language classes to fulfil the requirements for the advanced diploma. MTF, MAF and NJF have never had access to any second language at Madison HS.  This is one example of how FCPS and the School Board do not meet the needs of my three children as adequately as it meets the needs of students without this disability and how FCPS and the School Board are indifferent to their civil rights.

34. As of 2020, the Fairfax County School Board has hired just four total ASL teachers for the entire county.   FCPS is the largest school district in Virginia and one of the wealthiest in the country. There can be no financial or logistical justification for the hiring of just 4 ASL teachers in thirty years.   This is another

example of the blatant disregard and indifference that FCPS staff and the School Board has for complying with federal law, how grossly misunderstood and mistreated my children with dyslexia are, and an example of how my children with dyslexia do not have their needs met as adequately as the non-dyslexic students in FCPS have their needs met.

35. According to the International Dyslexia Association, 50% of students who are identified for receiving special education services are classified as having a specific learning disability. And of this, 50%, or about 85%, have dyslexia.

36. Students who are identified as having disabilities from Madison HS, who have 504 plans or IEP's, graduate from FCPS with standard diplomas at a much higher rate than students without disabilities. *__A very notable statistic__* since the majority of students with disabilities have dyslexia. This is another example of how all three of my children have been treated differently by FCPS and how FCPS and the School Board have not met the needs all three of my children as adequately as it met the needs of students without this disability.

37. On February 6, 2020, Mr. Sloan Presidio, ED. JD from FCPS wrote the following to me: *"Mrs. Farley I appreciate you sharing your concerns and advocacy with me. I have reviewed your request regarding a waiver for the world language requirements of the advanced diploma. Unfortunately, the Fairfax County Public schools graduation requirements are established and governed by the administrative code of Virginia and the Virginia Department of education as a result we are unable to make local exceptions or grant waivers to the world language requirement for the advanced studies diploma. As you mentioned American Sign Language ASL is a course option that satisfies the world*

*language requirements.  While it is not available at each base school, we have*
*invested in expanding access to this course by adding it to the FCPS online*
*campus and to the Fairfax Academy.  Should you wish to pursue this course*
*option for your children please work directly with the director of student services*
*and school counselor at Madison high school to learn about the options and*
*enrollment process.  Please let me know if you have any other questions that I*
*might be able to address on this matter. Again, I apologize for not being able to*
*have more flexibility with the state graduation requirements.*
*Sincerely, Sloan J. Presedio, ED, JD*
*Assistant Superintentendent, Instructional Services, FCPS"*

Mr. Presidio' response is one example of FCPS staff, with high levels program-oversight and decision-making authority, who has blatant disregard for federal law and is deliberately indifferent to the civil rights of my children with disabilities and me.  For it is because the School Board cannot waive, alter or modify State codes or regulations, is the very reason why the School Board must ensure that all State mandated codes and regulations are equally and equitably accessible to all students.  This is an example of how FCPS staff and the SB have used State regulations "under the color of law" and are discriminating against us.

## Subject Matter-Jurisdiction

1. FCPS recognized that MTF, MAF and NJF were qualified students with disabilities under several federal laws including but not limited to, the ADA, Section 504 and the IDEA, when they were in primary school.

2. Federal courts have jurisdiction over the ADA, violations of civil rights and discrimination.

From the document titled **Dispute Resolution Procedures under Part B of the Individuals with Disabilities Education Act (Part B) Q & A** by the US Department of Education Office of Special Education and Rehabilitative Services

*Page 34 Question C-2 Who may file a due process complaint?*

*Answer: parent or a public agency may file a due process complaint to request a due process hearing on any matter relating to the identification, evaluation, or educational placement of a child with a disability or the provision of FAPE to the child. 34 CFR §300.507(a).*

*...this guidance does not impose any requirements beyond those required under applicable law and regulations. Further, this document pertains only to IDEA Part B and is not meant to interpret Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990.*

In February 2020, a Virginia Department of Education Compliance Specialist, who had intimate knowledge about the events and actions of this complaint, wrote the following to me *"Dear Mrs. Farley, the procedural safeguards address IDEA only.  Because concerns regarding discrimination fall under other federal laws and not the IDEA, the procedural safeguards do not address contacting the office for Civil Rights.  We have provided this information for your use and hope it will be helpful to you. – Kathleen G, Harris, JD."*

2. From the US Department of Office of Special Education and Rehabilitative Services document titled **Protecting Students with Disabilities**

**Who has ultimate authority to enforce Section 504?**

In the educational context, OCR has been given administrative authority to enforce Section 504. Section 504 is a Federal statute that may be enforced through the Department's administrative process or through the Federal court system. *In addition, a person may at any time file a private lawsuit against a school*

*district. The Section 504 regulations do not contain a requirement that a person file a complaint with OCR and exhaust his or her administrative remedies before filing a private lawsuit.*

Our claims against the Fairfax County School Board are not for the  identification, evaluation, or educational placement of a children with disabilities under the IDEA.  Our claims are for deprivation of our civil rights under the color of law and for disability discrimination.

## Damages to Plaintiffs

The School Boards intentional and unintentional discrimination of MTF, MAF and NJF has caused all three to suffer self-doubt about their intelligence, abandon future goals, miss out on opportunities, feel embarrassed around their peers, and experience more stress and worry about school and life than their non-disabled peers.

The School Boards intentional disregard and deliberate indifference for the civil rights of MTF, MAF and NJF prevented all three of my children with disabilities from having the equal opportunity to access, participate in, and benefit from the activities and programs that FCPS offered. This discrimination has deprived MTF, MAF, and NJF from exercising their own free will and deprived them all from having an equal and equitable opportunity of trying to achieve their personal best.

The discrimination prevented NJF from having an opportunity to experience the many benefits that participation in athletic activities affords children with disabilities like increased physical, mental and social wellness, increased self-confidence, teamwork and leadership skills.

Additionally, the ongoing discrimination of my children with disabilities and the ongoing retaliation has inflicted negative consequences to my health. I have been made to suffer from emotional distress, and I have been prevented from exercising my civil right to advocate for my children who have disabilities.

## Legal Basis
## THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Under 42 U.S.C. § 1983:  you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

## Title II OF THE AMERICANS WITH DISABILITIES ACT-

The ADA's purposes are to (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment

and to regulate commerce, in order to address the major areas of discrimination

faced day-to-day by people with disabilities." (42 U.S.C. § 12101(b))

## Under Title II of the ADD

### §35.130  General prohibitions against discrimination.

(a) No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity.

(b)(1) A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability—

(i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;

(ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

(iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

(iv) Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others;

(vii) Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

(2) A public entity may not deny a qualified individual with a disability the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities.

(7)(i) A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

(8) A public entity shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered.

(d) A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

(g) A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

**§35.134   Retaliation or coercion.**

(a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.

(b) No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

## SECTION 504 OF THE REHIBILITATION ACT

Section 504's purpose is to ensure "no otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." (29 U.S.C. § 794; P.L. 93-112, § 504)

Section 504 makes in unlawful to deny a student with a disability admission to an accelerated class or program solely because of that student's need for special education or related aids and services.

Section 504 of the Rehabilitation Act prohibits anyone from interfering with the exercise of rights granted by the law to individuals with disabilities. Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964, which "prohibits recipients from intimidating, threatening, coercing, or discriminating against any individual for the purpose of interfering with any right or privilege . . . or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part." 34 C.F.R. §104.61 and 34 C.F.R. §100.7(e)  Because section 504 uses an anti-retaliation clause that is functionally identical to the ADA, they are generally analyzed together.

## Relief

1. Plaintiffs seek injunctive relief and compensatory damages for discrimination.

2. Damages for retaliation of exercising federally guaranteed rights to advocate for persons with disabilities and to report incidences of discrimination.

3. Reimbursement for all legal and court related costs and fees.

4. Compensatory damages for the discrimination that caused NJF from having equal and equitable access to participate in and benefit from athletic activities.

5. Compensation for future and ongoing access to programs, services, classes and benefits offered by the state and local government.

6. Compensation for expected diminished future earnings/earning capacity caused by the School Boards discrimination that prevented MTF, MAF and NJF from having equal and equitable access to the advanced diploma.

7. Plus all other relief this Court deems fair and just.

Mrs. Kerry A. Farley, Matthew Farley, MAF and NJF demand a trial by jury.


Signed,

*Kerry A. Farley, Matthew T. Farley*

Mrs. Kerry Farley, Matthew Farley, MAF and NJF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

Kerry Farley, Matthew Farley
MAF & NJF

_____
Plaintiff(s),

v.

Fairfax County School Board

_____
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** _Complaint in civil case_
**(Title of Document)**

Farley et al
_____
Name of *Pro Se* Party (Print or Type)

Kerry Farley
_____
Signature of *Pro Se* Party

Executed on: 10/22/2020 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
**(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)