

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)
-----------------------------------------------------------------X
KERRY A. FARLEY, MATTHEW T FARLEY,
MILEY A FARLEY, AND NOLAN J FARLEY,

                Plaintiffs.

- against -

THE FAIRFAX COUNTY SCHOOL BOARD,

                Defendant.
-----------------------------------------------------------------X

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

20-cv-01249-CMH-IDD

*JURY TRIAL DEMANDED*

Plaintiffs Kerry A. Farley, Matthew T Farley, Miley A Farley, and Nolan J Farley, by their attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the defendant, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiffs bring this disability rights action seeking relief for the violation of plaintiffs' rights secured by Title II of the Americans Disabilities Act ("Title II"), 42 U.S.C. § 12131, *et. seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C § 794.

2. Defendant intentionally discriminated against plaintiffs, Matthew T Farley ("Matthew"), Miley A Farley ("Miley"), and Nolan J Farley ("Nolan") by failing to provide them meaningful access to achieve an advanced diploma, a qualified American Sign Language ("ASL") instructor or other accommodation to satisfy the requirements for an advanced diploma, access to school programs, services and benefits because of their disabilities, and failed to provide meaningful access to equally participate in track and field because of their disabilities. When plaintiff Kerry A. Farley ("Kerry") raised concerns about the discrimination, the defendant retaliated against her by excluding her from mandatory meetings, delaying information and refusing to rectify the discrimination. As a result, plaintiffs did not graduate with an advanced

1

diploma. Each of the plaintiffs' further educational, employment and financial futures have been significantly damaged. Plaintiffs bring these claims for compensatory damages and attorney's fees.

### Jurisdiction

3. This action is brought pursuant to 42 U.S.C. § 12131, *et. seq.*, and 29 U.S.C. § 794.

4. As such jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1343.

5. Plaintiffs were not obligated to exhaust any administrative remedies as they are not claiming relief from the denial of a free and appropriate public education. Instead, plaintiffs are claiming discrimination on account of their disabilities by the defendant.

6. The claims herein were timely commenced within the applicable statute of limitations or the limitations periods should be equitably tolled and deemed timely commenced.

### Venue

7. Venue is properly laid in the Eastern District of Virginia (Alexandria) pursuant to 28 U.S.C. § 1391(b), as such district in the district in which the claims herein arose.

### Parties

8. Plaintiff, Kerry is a disabled individual who resides in Fairfax County. She is the mother of plaintiffs Matthew, Miley and Nolan.

9. Plaintiff, Matthew, is a 23-year-old disabled individual who resided in the Fairfax County Public School District. Matthew has average intelligence and suffers from orthographic and phonological dyslexia, reading and written expression disorders, ADHD, and deficits in working memory, visual motor integration, auditory memory, visual processing and perceptual motor speed.

10. Plaintiff, Miley, is a 19-year old disabled individual who resided in the Fairfax County Public School District. Miley has average intelligence and suffers from orthographic and phonological dyslexia, including deficits in reading, reading comprehension, mathematical calculation and problem solving, processing disorders in auditory memory, visual motor integration, and auditory and visual processing.

11. Plaintiff, Nolan, is a 18-year old disabled individual who resided in the Fairfax County Public School District. Nolan has average intelligence and suffers from orthographic and phonological dyslexia, including ADHD, and processing disorders in auditory memory.

12. Matthew, Miley and Nolan are biological siblings and individuals with disabilities within the meaning of Section 504 and Title II as they have physical impairments that substantially limit one or more major life activities, including dyslexia, ADHD and deficits in memory, auditory processing, and visual integration.

13. Defendant The Fairfax County School Board ("Fairfax") is a recipient of federal financial assistance, subject to the requirements of Section 504, and a public governmental entity subject to the provisions of Title II as well as subject to the United States Department of Justice regulations implementing Title II, 28 C.F.R. Part 35. Fairfax received federal funding during each of the years the plaintiffs were students at their school and suffered discrimination. Fairfax publicizes that it receives federal funding on its website.

14. Fairfax is responsible for ensuring that its schools comply with federal laws, including disability rights laws and to establish district-wide policies, make accommodations or modifications in its policies to accommodate disabled individuals and to waive any requirement.

3

## Statement of Facts

15. Matthew, Miley and Nolan are disabled/dyslexic.

16. Matthew was a student within Fairfax's schools from 2006 to 2018 during the first grade and through the twelfth grade.

17. Miley was a student within Fairfax's schools from 2010-2022 during the first grade and through the twelfth grade.

18. Nolan was a student within Fairfax's schools from 2011-2023, during the first grade and through the twelfth grade.

19. On April 10, 2008 Fairfax found that Matthew was a student with a specific learning disability. Thereafter, Fairfax began to provide partial special education services for Matthew beginning in May 12, 2009 including tier 3 instruction so he could access the English language curriculum.

20. On July 29, 2010 Fairfax found that Miley was a student with a specific learning disability. Thereafter, Fairfax began to provide partial special education services for Miley including tier 3 instruction so she could access the English language curriculum.

21. On October 26, 2011 Fairfax found that Nolan was a student with a specific learning disability. Thereafter, Fairfax began to provide partial special education services for Nolan including tier 3 instruction so he could access the English language curriculum.

22. Fairfax's provision of special education services for Matthew, Miley and Nolan was designed to deny them the ability to even attempt to graduate with an advanced diploma. It was never a part of any plan for special education services.

23. In order to obtain an advanced diploma, one of the requirements included completing three years of world language. Due to Matthew, Miley and Nolan's disabilities/dyslexia, they were unable to access world language curriculums such as Spanish, French or Italian because they were not taught with level tier 3 instruction.

24. In order to access the world language requirements of an advanced diploma, Fairfax would have to permit Matthew, Miley and Nolan to complete three courses of ASL.

25. Fairfax never provided access to ASL courses and otherwise made the ability to obtain this accommodation or modification impossible and deterred Matthew, Miley and Nolan from taking the ASL class.

26. Matthew, Miley and Nolan otherwise completed or could have completed all other requirements for the advanced diploma.

27. From 2008 through 2023 Fairfax engaged in an ongoing practice of failing to provide Matthew, Miley, and Nolan with the auxiliary aids, services and necessary accommodations and modifications for them to participate in and receive the benefits of Fairfax schools and otherwise discriminated against Matthew, Miley, and Nolan because they are disabled/dyslexic.

28. During this time, Fairfax provided incorrect and misleading information to Kerry on how they were accommodating her children's' disabilities necessary to ensure meaningful access to the programs, services and benefits of Fairfax, including the opportunity to graduate with an advanced diploma, even with an accommodation of taking ASL.

29. Fairfax provided the opportunity to graduate with an advanced diploma to all other students who did not have a disability/dyslexia and did not need to take ASL to complete the world language requirements.

5

30. Fairfax failed to provide access to the ASL course to Matthew, Miley and Nolan because they are disabled/dyslexic.

31. Fairfax even failed to waive the world language requirement as an accommodation despite an August 20, 2015 letter from Matthew's pediatrician stating "Given his diagnoses, it is not surprising that Matthew is struggling with a second language and it is my professional opinion that he should be exempt from taking a foreign language in high school."

32. Matthew did enroll in Spanish 1 but was not provided with access to tier 3 language instruction/accommodations in that class. In March 2015 his teacher wrote that Matthew was failing Spanish 1 and was not recommended for Spanish 2.

33. Kerry thereafter did not have Miley or Nolan enroll in Spanish 1 due to the experience Matthew had. No tier 3 language instruction/accommodations were being provided in the Spanish 1 class anyway at that time.

34. During their tenure at the schools, Fairfax made no attempt to provide the plaintiffs with an opportunity to take ASL and obtain an advanced diploma.

35. Fairfax made no attempt to determine if an advanced diploma was possible were the world language requirement to be waived or excused as an accommodation to the plaintiffs.

36. During their tenure at the schools, Kerry relied on misrepresentations and the lack of information from Fairfax as to the opportunities provided for graduation with an advanced diploma.

37. This was even more misleading because Fairfax previously allowed Matthew, Miley and Nolan to be exempt from the mandatory Chinese language program in Elementary School and permitted them to fully graduate Elementary School.

6

38. Fairfax even previously provided Matthew, Miley, and Nolan with accommodations and modifications including tier 3 instruction in the English language from Grades 1 to 6. The discrimination in Madison High school was therefore worse as it was based on misrepresentations and denial of opportunities to the plaintiffs.

39. Kerry did not realize the discrimination until between October 2019-January 2020 during meetings with Fairfax staff regarding Nolan's access to an advanced diploma and his participation in the 2020 spring track and field season. Between October 2019-January 2020 staff advised Kerry that Nolan only needed a standard diploma to graduate and that the advanced diploma was merely optional.

40. Between October 2019-February 2020 Fairfax's staff advised Kerry that Nolan could access the benefits of the track and field program by pairing up with another disabled student. The disabled students would then essentially teach each other by relying on note cards, checklists and videotape each other. Principal Hood claimed there was no money available to accommodate Nolan without proof or basis for the supposed claim of an undue burden.

41. After Kerry made a written report of discrimination in February 2020, at least six other meetings were attended by Cheronda Farrish (Assistant Principal), Kristina Roman (Procedural Support Manager), George Fister (Procedural Support Liaison) and or Andrea Jones (Special Education Chair).

42. The six meetings were held without Kerry in retaliation for complaining about the discrimination and also after she filed the original federal complaint in March 2020. The IEP meetings were designed to attempt to coverup the discrimination via the meetings.

43. The denial of the opportunity to achieve an advanced diploma was even more harmful as a majority of public colleges and universities in Virginia require 2 or 3 years of a foreign language for admission.

44. As a result, Nolan was not accepted into some public colleges in Virginia and was instead forced to attend college in Maryland.

45. The discrimination has caused Matthew, Miley and Nolan to suffer from self doubt about their intelligence and abandoned or were not able to obtain future goals and careers. The plaintiffs feel embarrassed around their peers, experience excessive stress as a result. The plaintiffs suffer from mental anguish as a result. The plaintiffs' future economic harms are immense due to the denied opportunities.

46. Defendant's acts were knowing and intentional.

47. Defendant acted with deliberate indifference toward plaintiffs' federal protected rights.

48. Defendant's actions were taken in bad faith or with gross misjudgment.

49. There was no ASL instructor at Madison High School for plaintiffs.

50. There are no ASL instructors at any Elementary School.

51. There are no ASL instructors at any Middle School.

52. There were only 4 ASL instructors for 28 high schools.

53. ASL was not offered online until 2018.

54. Defendant did not train all of its staff with respect to Section 504 and Title II.

55. Defendant did not have a Section 504 or Title II coordinator at each school.

56. Between 2008 to 2023 Defendant did not include a notice of non-discrimination on any special education documents or forms.

8

### AS AND FOR A FIRST CAUSE OF ACTION
### INTENTIONAL/DELIBERATE INDIFFERENCE DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT, 28 U.S.C. § 794

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 56 with the same force and effect as if fully set forth herein.

58. Pursuant to Section 504 and its implementing regulations, "No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794.

59. Defendant is a recipient of federal financial assistance and is thus a covered entity under Section 504.

60. Plaintiffs are persons with disabilities within the meaning of Section 504.

61. Defendant intentionally discriminated against plaintiffs by excluding them from participation in and denying them the benefits of Defendant's programs or activities solely because they are disabled /dyslexic in violation of Section 504.

62. Defendant otherwise intentionally discriminated against plaintiffs in violation of Section 504.

63. As a direct and proximate cause of Defendant's violation of Section 504, plaintiffs have suffered and continue and will continue to suffer severe and costly economic and financial harms with respect to educational and career opportunities and reduced earning capacities as well as mental and emotional anguish and suffering, humiliation, stigma and other injuries they will continue to suffer.

64. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are also entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## INTENTIONAL/DELIBERATE INDIFFERENCE DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12131 AND THE UNITED STATES DEPARTMENT OF JUSTICE REGULATIONS IMPLEMENTING TITLE II, 28 C.F.R. PART 35

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 64 with the same force and effect as if fully set forth herein.

66. Title II and its implementing regulations provide "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination…" 42 U.S.C. § 12132, 28 C.F.R. Part 35.

67. Defendant is a public entity subject to Title II.

68. Plaintiffs are individuals with disabilities.

69. Plaintiffs are qualified individuals with disabilities as per Title II.

70. Defendant intentionally violated plaintiff's rights under Title II and its implementing regulations by intentionally excluding them from participation in and denying them the benefits of Defendant's services, programs and activities on the basis of disability and by subjecting them to intentional discrimination.

71. Defendant intentionally violated plaintiffs' rights under Title II by failing to provide the auxiliary aids, services, accommodations and modifications necessary to ensure that they would have the same opportunity for achievement as well as to have effective communication.

10

72. Defendant otherwise intentionally discriminated against plaintiffs in violation of Title II.

73. Defendant displayed bad faith and gross misjudgment in the actions and omissions and other conduct that violated plaintiffs' rights.

74. Defendant acted with deliberate indifference towards plaintiffs' rights afforded by Title II and its implementing regulations.

75. Defendant retaliated against plaintiff Kerry when she complained about the discrimination faced by her children. The retaliation was intentional and knowing.

76. As a direct and proximate cause of Defendant's violation of Title II, plaintiffs have suffered and continue and will continue to suffer severe and costly economic and financial harms with respect to educational and career opportunities and reduced earning capacities as well as mental and emotional anguish and suffering, humiliation, stigma and other injuries they will continue to suffer.

77. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are also entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action

**WHEREFORE**, plaintiffs demands a jury trial and the following relief jointly and severally against the defendant:

I. Compensatory damages in an amount to be determined by a jury;

II. Punitive damages in an amount to be determined by a jury;

III. Finding that defendant violated plaintiffs' rights and that plaintiffs are the "prevailing parties;"

IV. Costs, interest and attorney's fees; and

11

V. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

                                       THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
August 23, 2023

                                       _Caner Qs/Demirayak_
                                       Caner Demirayak, Esq.
*Attorneys for Plaintiffs Kerry A. Farley, Matthew T Farley, Miley A Farley and Nolan J Farley*
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September 2023, I mailed the document <u>Re: Plaintiffs' First Amended Complaint Dated August 23, 2023</u> to the Fairfax County School Board c/o William Porter at 4020 University Drive Suite 300 Fairfax, Virginia 22030.


Signed,

Kerry Farley
Matthew Farley
Miley Farley
Nolan Farley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

Kerry Farley, Matthew Farley, Miley Farley, Nolan Farley
Plaintiff(s),

v.

Civil Action Number: 1:20-cv-01249 CMH-IDD

The Fairfax County School Board
Defendant(s).

# LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _____.
(Title of Document)

_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of Plaintiffs' First Amended Complaint
(Title of Document)

Caner Demirayak
(Name of Attorney)

300 Cadman Plaza West One Pierrepont Plaze 12th Floor Brooklyn, NY. 11201
(Address of Attorney)

718-344-6048
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

Kerry Farley, Matthew Farley, Miley Farley, Nolan Farley
(Name of *Pro Se* Party (Print or Type)

*Kerry Farley, Matthew Farley, Miley Farley, Nolan Farley*
Signature of *Pro Se* Party

Executed on: 9/05/2023 _____ (Date)