IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KERRY A. FARLEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1249 |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss and Plaintiffs' Motion to Appoint a Guardian ad Litem.

This case was previously dismissed for Plaintiffs' failure to exhaust their administrative remedies for their Individuals with Disabilities Education Act (IDEA) claims. Following the Supreme Court's decision in Luna Perez v. Sturgis Pub. Schs., 143 S.Ct. 859 (2023), the Fourth Circuit remanded the case for further consideration of the Americans with Disabilities Act (ADA) and Rehabilitation Act claims. Plaintiff filed an Amended Complaint on September 5, 2023.

In their Amended Complaint, Plaintiffs allege that Matthew, Miley, and Nolan Farley ("Farley children") suffer from dyslexia and other disorders related to communication. Plaintiffs make several claims against Defendant for discrimination in violation of § 504 of the Rehabilitation Act and Title II of the ADA.

1

Plaintiffs allege three areas of discrimination by Defendant. First, Plaintiffs contend the Farley children were not able to graduate from Madison High School with advanced diplomas, which requires three years of world language, because American Sign Language (ASL) was not offered at Madison High School. Instead, ASL was only offered at four high schools in Fairfax County. Plaintiffs allege the Farley children were not able to complete the requirement with any other world language offered at Madison High School due to their disabilities. Second, Plaintiffs allege that Nolan Farley could not access the benefits of the track and field program due to the lack of accommodation. Lastly, Plaintiffs allege that six Individualized Education Program (IEP) meetings were held without Kerry Farley, the mother of the Farley children, in attendance in retaliation for her complaining about the discrimination and the filing of a lawsuit in March 2020.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Generalized, unsupported assertions are insufficient to state a claim. Id. A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), this does not relieve pro se litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires pro se plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

Defendant now moves to dismiss the claims brought by Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6).

First, Defendant argues that Matthew Farley's claims are time-barred. The Fourth Circuit has held that the one-year limitations period from the Virginia Rights of Persons with Disabilities Act, VA. CODE ANN. § 51.5-40, et seq., applies to ADA and Rehabilitation Act claims brought in Virginia. See Semenova v. Md. Transp. Admin., 845 F.3d 564, 567 (4th Cir. 2017) (citing A Soc'y Without a Name v. Virginia, 655 F.3d 342, 347-48 (4th Cir. 2011); Wolsky v. Med. Coll. of Hampton Roads, 1 F.3d 222, 224-25

3

(4th Cir. 1993)). Plaintiffs allege in the Amended Complaint that Matthew graduated in 2018. Accordingly, Matthew no longer suffered from the alleged harms after he graduated. The original Complaint in this case was not brought until October 22, 2020, well over a year after Matthew graduated. Therefore, Matthew Farley's claims under the ADA and Rehabilitation Act are time-barred and must be dismissed.

Second, Defendant argues that Plaintiffs have failed to state a claim for discrimination under the ADA and Rehabilitation Act concerning the Farley children's alleged inability to receive an advanced diploma due to Defendant's failure to offer ASL courses at Madison High School. Under either statute, a plaintiff must allege he or she (1) has a disability; (2) is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against on the basis of the disability. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005). The standard for a plaintiff to show they were denied a benefit, program, or activity because of their disability is different between the ADA and Rehabilitation Act. Under the ADA, a plaintiff claiming discrimination must assert that the disability played a "motivating role" in the action excluding the plaintiff. See Baird v. Rose, 192 F.3d 462, 470 (4th Cir. 1999). On the other hand, the

4

Rehabilitation Act requires a plaintiff to allege that he or she was excluded "solely by reason of" the disability. Id. at 469. A plaintiff is also required to allege that the actions were taken with "bad faith or gross misjudgment." Sellers v. Sch. Bd. of the City of Manassas, Va., 141 F.3d 524, 529 (4th Cir. 1998).

Plaintiffs fail to properly state a claim under either statute. Plaintiffs first cite Defendant's failure to waive the world language requirement for the Farley children as evidence of discrimination. However, the requirement of three credits of world language needed to graduate with an advanced diploma is laid out in the Virginia Administrative Code. See 8 VA. ADMIN. CODE §§ 20-131-50, -51. This requirement cannot be waived by Defendant. See 8 VA. ADMIN. CODE § 20-131-420(A). As Defendant has no discretionary role in determining the requirements for the advanced diplomas, Plaintiffs cannot state a claim that the Farley children's disabilities played any role in the decision to not waive the requirement. As the Fourth Circuit has noted, "the application of a neutral rule that applies to disabled and nondisabled individuals alike cannot be considered discrimination on the basis of disability." Baird, 192 F.3d at 468 n.6.

Plaintiffs also cite the lack of an ASL instructor at Madison High School as evidence of discrimination. Even so, Plaintiffs never allege that their disability played a motivating role in the failure to employ an ASL instructor at Madison High School, nor do

5

they allege that they were excluded from taking ASL classes "solely by reason of" their disability. Instead, Plaintiffs admit that Defendant began offering ASL classes online in 2018. As Plaintiffs Miley and Nolan Farley graduated in 2022 and 2023, respectively, both were eligible to complete the three credits of world language through online ASL classes. While Plaintiffs argue that forcing students to take classes online "treats students with dyslexia differently" from other students, that is not sufficient to meet the standard under the ADA and Rehabilitation Act. Moreover, the availability of the online language classes appears to offer more paths to reach an advanced diploma, which is beneficial, not discriminatory, for students with disabilities.

Plaintiffs have also not sufficiently alleged bad faith or gross negligence by Defendant, which is "extremely difficult to meet, especially given the great deference to which local school officials' educational judgments are entitled." Doe v. Arlington Cnty. Sch. Bd., 41 F. Supp. 2d 599, 609 (E.D. Va. 1999). The mere fact that Defendant has only employed four ASL instructors while offering the classes online is not sufficient to meet this high bar. Accordingly, Plaintiffs' claims of discrimination due to the Farley children's alleged inability to receive advanced diplomas should be dismissed.

Third, Defendant contends that Plaintiffs have failed to state a claim concerning Nolan Farley's access to the track and

6

field program. The Amended Complaint alleges that Kerry Farley was told by Defendant's employees that Nolan could access the track and field program by pairing him with another disabled student, and they would essentially teach each other by relying on note cards, checklists, and videotaping each other. Without more, Plaintiffs do not sufficiently allege that Nolan was excluded from the track and field program on the basis of his disability. In fact, Plaintiffs do not provide any further information, such as the treatment of other participants without disabilities or whether Nolan actually participated in the track and field program, that would help show that Nolan was excluded from the program in any way. Accordingly, Plaintiffs' discrimination claim concerning Nolan Farley's alleged inability to access the benefits of the track and field program must be dismissed.

Fourth, Defendant argues that Plaintiffs do not sufficiently state a retaliation claim. "To establish a prima facie retaliation claim under the ADA, plaintiffs must allege (1) that they engaged in protected conduct, (2) that they suffered an adverse action, and (3) that a causal link exists between the protected conduct and the adverse action." A Soc'y Without A Name, 655 F.3d at 350 (citing Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001)). The same standard is employed for Rehabilitation Act retaliation claims. See S.B. v. Bd. of Educ. of Harford Cnty., 819 F.3d 69, 78 n.6 (4th Cir. 2016). Plaintiffs do not sufficiently allege that

7

Kerry Farley suffered an adverse action. As Plaintiffs admitted in their opposition to the Motion to Dismiss, Ms. Farley chose to not attend the IEP meetings after she filed the lawsuit because school employees named as defendants in the lawsuit would be attending the meetings. While Plaintiffs claim the attendance of those staff members prevented Ms. Farley from attending those meetings, Ms. Farley "do[es] not have the right to dictate the identity of the school or [local education agency (LEA)] personnel who attend; that is the sole prerogative of the school or LEA." Fitzgerald v. Fairfax Cnty. Sch. Bd., 556 F. Supp. 2d 543, 553 (E.D. Va. 2008). Consequently, Ms. Farley's unilateral choice not to attend the IEP meetings cannot be considered an adverse action taken against Ms. Farley. Therefore, the retaliation claim should be dismissed.

It appearing to the Court that all claims levied against Defendant should be dismissed on Fed. R. Civ. P. 12(b)(6) grounds, it is hereby

ORDERED that Defendant's motion to dismiss is GRANTED and this case is DISMISSED. It is further

ORDERED that Plaintiffs' Motion to Appoint a Guardian ad Litem is DENIED as moot.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 13, 2023